IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA BERRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:11-cv-00887 |
| v. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) Judge William J. Haynes, Jr. |
| | ) |
| Defendant. | ) |
| | ) |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d)(2), the parties submit this proposed Initial Case Management Order.

1. **Status of Service of Process:** Service of process was insufficient, but Defendant agreed to waive its objections to service by filing its Answer.

2. **Status of Responsive Pleading:** Defendant answered the Complaint on October 12, 2011.

3. **Jurisdiction:** The parties agree that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. (a) **Plaintiff's Theory of the Case**

Plaintiff avers she was discriminated against based on her sex when she was denied two promotional opportunities for which she was significantly more qualified and more experienced. Plaintiff had previous supervisory and leadership experience in other venues, as well as within her department and was the top performer in her department. Plaintiff's skills and abilities greatly exceeded the males' chosen for the positions.

8419384.10
Case 3:11-cv-00887   Document 18   Filed 01/29/13   Page 1 of 5 PageID #: 40
Case 3:11-cv-00887   Document 20   Filed 02/05/13   Page 1 of 5 PageID #: 46

### (b) Defendant's Theory of the Case

Dollar General denies any unlawful conduct against Plaintiff and denies that Plaintiff is entitled to any of the relief she seeks. In short, Plaintiff sought a promotion for which another applicant was considered more qualified. She contends without support that she was not selected based on her gender despite the fact that the decisionmaker, as well as human resources partners, were, like her, all female.

Plaintiff was one of four internal applicants to seek promotion to the position of Lease Renewals Supervisor. The selection decision was based upon the applicants' resumes, work histories, performance on special projects, interview responses, and communication styles. By way of example, the individual chosen (a male) had prior experience as a Real Estate Supervisor with his former employer, whereas Plaintiff was believed to have had no prior supervisory experience. Gender was not a factor in the selection process.

### 5. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within (30) days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to meet face to face to discuss whether this case can be resolved without further discovery proceedings. If a party other than a natural person is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare and file a report reflecting that the parties met and made a good faith effort to evaluate the resolution of this case. This report should also

8419384.10
Case 3:11-cv-00887   Document 18   Filed 01/29/13   Page 2 of 5 PageID #: 41
Case 3:11-cv-00887   Document 20   Filed 02/05/13   Page 2 of 5 PageID #: 47

include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  Other Pretrial Matters

The parties have agreed that they will be ready for trial by February 2014. As determined at the case management conference on _February 5_, _2013_, this action is set for a bench trial on _March 11, 2014_, at _9:00_ a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _Friday 3/7/13_. A pretrial conference shall be held _Monday February 24, 2014 at 3:00 pm_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **Friday, September 6, 2013.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **Friday, September 6, 2013**.

All discovery-related statements shall be filed by the close of business on **Friday, August 23, 2013**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved. The parties do not anticipate any issues pertaining to discovery of electronically stored information in this case.

All dispositive motions[1] shall be filed by the close of business on **Friday, October 11, 2013**. Any responses shall be filed within 30 days of the filing of the motion. Any replies shall be filed within 10 days of the filing of the response.[2]

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

8419384.10
Case 3:11-cv-00887   Document 18   Filed 01/29/13   Page 3 of 5 PageID #: 42
Case 3:11-cv-00887   Document 20   Filed 02/05/13   Page 3 of 5 PageID #: 48

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to 30 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of the Court, shall govern.

By the close of business on **Friday, July 12, 2013**, the plaintiff shall declare to the defendant (not file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **Friday, August 9, 2013**, the defendant shall declare to the plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **Friday, August 23, 2013**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. Local Rule 39.01(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

---

[2] Strict compliance is required with respect to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

8419384.10

Case 3:11-cv-00887   Document 18   Filed 01/29/13   Page 4 of 5 PageID #: 43
Case 3:11-cv-00887   Document 20   Filed 02/05/13   Page 4 of 5 PageID #: 49

ENTERED this the 5th day of February, 2013.

                                                            WILLIAM J. HAYNES, JR.
                                                            United States District Judge

Agreed and submitted for entry:

s/ Michelle Owens
Agee, Van Atta, & Owens, LLC
3340 Perimeter Hill Drive
Nashville, TN 37211
(615) 300-8546 (telephone)
(615) 834 – 7741 (facsimile)
mowens.law@gmail.com

*Attorney for Plaintiff*

s/ K. Coe Heard
Stanley E. Graham
K. Coe Heard
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (telephone)
(615) 244-6804 (facsimile)
stan.graham@wallerlaw.com
coe.heard@wallerlaw.com

*Attorneys for Dollar General Corporation*

8419384.10
Case 3:11-cv-00887   Document 18   Filed 01/29/13   Page 5 of 5 PageID #: 44
Case 3:11-cv-00887   Document 20   Filed 02/05/13   Page 5 of 5 PageID #: 50